UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>            Plaintiff,<br><br>       v.<br><br>APPROXIMATELY $20,000.00 IN U.S. CURRENCY,<br><br>            Defendant. | No.  2:16-mc-00036-KJM-KJN<br><br><br>ORDER |

As provided by the Stipulation for Consent Judgment of Forfeiture, the Court finds:

1.	On August 14, 2015, agents with the Drug Enforcement Administration (DEA) contacted Dupree at the Sacramento International Airport in Sacramento, California. Approximately $20,000.00 in U.S. Currency (defendant currency) was seized from Dupree during this encounter.

2.	The DEA commenced administrative forfeiture proceedings, sending direct written notice to all known potential claimants and publishing notice to all others.

3.	The United States represents that it could show at a forfeiture trial that an agent with the DEA approached Malachi Rashad Dupree (Dupree) and asked for permission to speak with him.  Dupree agreed and told the agent he was traveling from Baltimore, Maryland to purchase "sneakers" from a wholesaler in Sacramento.  Dupree said he was carrying $20,000.00

1

in cash that his uncle, Eric Ezenwanne, had given him to purchase shoes for his uncle's store. Dupree agreed to a consensual search of his carry-on luggage. During the search, agents found several rubber-banded stacks of cash concealed within a cloth shoe bag. The cash was comprised of various denominations, totaling $20,000.00.

4. The United States could further show at a forfeiture trial that the defendant currency is forfeitable to the United States pursuant to 21 U.S.C. § 881(a)(6).

5. Without admitting the truth of the factual assertions contained in this stipulation, claimant specifically denying the same, and for the purpose of reaching an amicable resolution and compromise of this matter, claimant agrees that an adequate factual basis exists to support forfeiture of the defendant currency. Dupree hereby acknowledges that he is the sole owner of the defendant currency, and that no other person or entity has any legitimate claim of interest therein. Should any person or entity institute any kind of claim or action against the government with regard to its forfeiture of the defendant currency, claimant shall hold harmless and indemnify the United States, as set forth below.

6. This Court has jurisdiction in this matter pursuant to 28 U.S.C. §§ 1345 and 1355, as this is the judicial district in which acts or omissions giving rise to the forfeiture occurred.

7. This Court has venue pursuant to 28 U.S.C. § 1395, as this is the judicial district in which the defendant currency was seized.

8. The parties herein desire to settle this matter pursuant to the terms of a duly executed Stipulation for Consent Judgment of Forfeiture.

Based upon the above findings, and the files and records of the Court, IT IS HEREBY ORDERED AND ADJUDGED:

1. The Court adopts the Stipulation for Consent Judgment of Forfeiture entered into by and between the parties.

2. Upon entry of this Consent Judgment of Forfeiture, $16,000.00 of the Approximately $20,000.00 in U.S. Currency, together with any interest that may have accrued

/////

on the total amount seized, shall be forfeited to the United States pursuant to 21 U.S.C. § 881(a)(6), to be disposed of according to law.

3. Upon entry of this Consent Judgment of Forfeiture, but no later than 60 days thereafter, $4,000.00 of the Approximately $20,000.00 in U.S. Currency shall be returned to claimant Malachai Rashad Dupree through his attorney Robert David Malove.

4. The United States of America and its servants, agents, and employees and all other public entities, their servants, agents and employees, are released from any and all liability arising out of or in any way connected with the seizure or forfeiture of the defendant currency. This is a full and final release applying to all unknown and unanticipated injuries, and/or damages arising out of said seizure or forfeiture, as well as to those now known or disclosed. Claimants waived the provisions of California Civil Code § 1542.

5. No portion of the stipulated settlement, including statements or admissions made therein, shall be admissible in any criminal action pursuant to Rules 408 and 410(a)(4) of the Federal Rules of Evidence.

6. All parties will bear their own costs and attorney's fees.

7. As provided by the Stipulation for Consent Judgment of Forfeiture filed herein, the Court enters a Certificate of Reasonable Cause pursuant to 28 U.S.C. § 2465, that there was reasonable cause for the seizure of the above-described defendant currency.

IT IS SO ORDERED.

DATED: March 4, 2016.

_____
UNITED STATES DISTRICT JUDGE